UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA



LAMONTE EDWARD Pettus-Thomas,
                    Plaintiff,

1:09CV572 GBL/TRJ

v

42 U.S.C. 1983,1985(3)

City of Norfolk Virginia Police
Department, Deputy Sheriff MCCABE
City of Norfolk Virginia Police
DEpartment, City of New York,
Detective Patrick Samman N.Y.P.D.,
Detective Kyson LAI N.Y.P.D.,
                    Defendants,

JURY TRIAL DEMANDED

VERIFIED COMPLAINT

## Jurisdiction & Venue

This is a civil action authorized by 42 U.S.C. 1983, 1985(3) to redress the deprivation, under color of law, of rights secured by the Constitution of the United States. This Court has jurisdiction under 28 U.S.C. 1331 and 1343 (a)(3) and Eastern District of Virginia is appropiate. And Supplemental jurisdiction under 28 U.S.C. 1367.

## Statement of Claim Facts

1. Lamont Edward Pettus Thomas declares under the penalty of perjury, that he is the plaintiff in the above-entitled matter.

2. That City of Norfolk Virginia Police Department Defendant, is and was at all times relevant mentioned herein, a municipality and responsible for the training, supervising, overseeing, maintaining and discipline of its officials and employees who violated the civil rights of plaintiff under color of state law 42 U.S.C. 1983,1985(3).

3. That defendant, Deputy Sheriff MCCABE, is and was at all times relevant mentioned herein a Sheriff employed by the City of Norfolk VA., Police Department who violated clearly established constitutional rights of plaintiff under color of state law 42 U.S.C. 1983,1985(3).



4. That defendant City of New York, is and was at all times relevant mentioned herein, a municipality and responsible for the training, supervising, overseeing, maintaining and discipline of its officials and employees who violated the civil rights of plaintiff under color of state law 42 U.S.C. 1983,1985(3).

5. That defendant Patrick Samman, is a Police Detective employed by the City of New York, and at all times relevant mentioned herein violated clearly established constitutional rights of plaintiff under color of state law 42 U.S.C. 1983,1985(3).

6. That defendant Kyson LAI, is a Police Detective employed by the City of New York and at all times relevant mentioned herein violated clearly established constitutional rights of plaintiff under color of state law 42 U.S.C. 1983,1985(3).

7. That on July 7, 2008, at or about 1810 hrs., plaintiff voluntarily surrendered to City of Norfolk Police Department VA., based upon information provided to plaintiff by his Federal Probation Officer, that a warrant existed.

8. A Police Officer from the Norfolk City P.D., A.R. Perry, shield# 25713, effectuated the arrest on that day.

9. Subsequently, plaintiff was arraigned upon the warrant and was held as being a fugitive from the State of New York.

10. Plainiff never waived extradition and asserted himself to be heard to contest extradition back to the demanding state.

11. Plaintiff was transported to the Norfolk City Jail to await extradition process.

12. Plaintiff was represented by Office of the Public Defender City of Norfolk, and in a letter dated July 9, 2008, See,Exhibit-A plaintiff was notified by counsel of the court proceedings, the next court appearance was scheduled for August 5, 2008.

13. On August 5, 2008, the matter was again continued to September 14, 2008.

14. On September 14, 2008, plaintiff appeared in court but the matter was again adjourned for the Commonwealth to acquire the Governors Warrant and requisition papers.

15. Plaintiff was returned to the City of Norfolk Jail where he was served the Governors Warrant and requisition papers that day September 14, 2008, at the Correctional Facility.

16. Plaintiff was to have an Extradition Hearing on November 26, 2008, however, on November 17, 2008, without prior notice from his assigned attorney of record, nor any judicial order from the court, nor any extradition hearing. Plaintiff was brought within the state of New York jurisdiction by reason of forcible abduction.

17. Plaintiff never signed a waiver of extradition at any time nor did he have due process under the Uniform Criminal Extradition Act .

18. Defendants named herein knowingly violated the Uniform Criminal Extradition Act by forcible abduction of plaintiff in violation of his constitutional rights under color of state law. 42 U.S.C. 1983,1985(3).

pg.5

19. All defendants named herein, knowingly, intentionally, maliciously, denied plaintiff due process to Extradition Hearing and that they knowingly violated the "Act".

20. The defendants failed to hold a hearing to determine whether there were legal grounds for the extradition.

21. Upon being transported by defendant Samman and Lai, it was noted by them to plaintiff that there was an actual identity discrepancy with the requisition papers.

22. Defendant Samman advised plaintiff and his partner that it was not plaintiffs likeness on the Governors requisition papers.

23. Plaintiff was denied his constitutional right to due process to extradition hearing.

24. The demanding state never met the 4-element criteria under the "Act" and therefore plaintiff was forcibly abducted to New York Jurisdiction.

25. All defendants named herein knowingly violated provisions of the Uniform Criminal Extradition Act in their individual and official capacities and are not entitled to qualified immunity.

26. Defendants violated clearly established constitutional and statutory rights of which a reasonable person would have known and are not entitled to qualified immunity. 42 U.S.C. 1983,1985(3).

27. Whether Sheriff, Deputy Sheriff MCCABE, of City of Norfolk Police Dept., were authorized in their sole discretion or determination to deliberately, intentionally, maliciously release plaintiff to City of New York defendants to effectuate forcible abduction.

pg.6

28. Whether defendant Samman, Kyson Lai, of the N.Y.P.D., were authorized in their sole determination to deliberately violate the civil rights of plaintiff by forcible abduction.

29. All defendants named herein knew that there was no court order of extradition or to that effect that plaintiff was not accorded the due process under the law, the Uniform Criminal Extradition Act in violation of his constitutional rights and that defendants acqiesced in the illegal conduct.

30. Whether Michael O. Jenkins Esq., of the City of Norfolk VA., filed writ of habeas corpus challenging the extradition of plaintiff and knowingly acquiesced in the conduct of the defendants.

31. That defendant City of Norfolk V A., Police Dept., acting in concert with City of New York police Dept., and committed overt acts which resulted in constitutional violation of plaintiff.

32. That defendants, MCCABE, , SAMMAN, and LAI, acting in concert with one another aided and abeded committed overt acts, in violation of the plaintiffs civil rights by forcible abduction.

33. That both City of Norfolk P.D., and City of New York P.D., defendants, was the moving force behind injury alleged herein that through its deliberate conduct, and specific duties of officers or employees need for more specific training in these areas is so obvious that the policy makers can be said to be deliberately indifferent to the need.

34. The municipality defendants are not immune from plaintiffs suit under Section 1983.

pg.7

35. All defendants named herein are liable under Section 1983,1985(3) under color of state law for violation of clearly established constitutional and statutory rights of plaintiff that a reasonable person would have known and are not entitled to qualified immunity.

## Relief Sought

36. Plaintiff seeks compensatory damages in the amount of $ 5,000,000.

37. Plaintiff seeks punitive damges in the amount of $ 1,500,000.

## VERIFICATION

I Lamonte Edward Pettus Thomas, have read the foregoing complaint that the matters alleged therein are true, except as to matters alleged upon information and belief, and to those matters I believe them to be true. I certify under the penalty of perjury that the foregoing is true and correct. Executed at G.M.D.C., Rikers Island, 15 15 Hazen Street, East Elmhurst, New York, 11370, on the 12th day of April 2009.

Dated; April 12, 2009

Lamonte Edward Pettus Thomas
Plaintiff ProSe

# EXHIBIT "A"

# WARRANT OF ARREST FOR EXTRADITION

VA. CODE §§ 19.2-99, 19.2-100

Norfolk
LOCALITY

[x] General District Court #5
[ ] Juvenile and Domestic Relations District Court
[ ] Circuit Court

**TO ANY AUTHORIZED OFFICER:**

You are hereby commanded in the name of the Commonwealth of Virginia forthwith to arrest and bring the Accused before this Court to answer the allegation that the Accused alleged to be within this city or county has, pursuant to the provisions of Virginia Code

[x] § 19.2-99  [ ] § 19.2-100,

[x] fled justice from **New York** on a charge or charges of
NAME OF STATE

Criminal sale of firearms (8 counts) amnd criminal possession of weapons (4 counts) in Kings County, Brooklyn, New York.

[ ] escaped confinement in _____ after having been convicted of a crime;
NAME OF STATE

[ ] broken the terms of bail, probation, or parole in _____
NAME OF STATE

I, the undersigned, have found probable cause to believe that the Accused is a fugitive from justice as alleged above, based upon a certified copy of the sworn charge or charges or upon the sworn statements of the Complainant which have been reduced to writing and attached to the original copy of this warrant.

DASH, T W    NPD
COMPLAINANT

07/07/2008 02:35 PM
DATE AND TIME ISSUED

*William C. Sontag*
[ ] CLERK  [x] MAGISTRATE  [ ] JUDGE
William C. Sontag

FORM DC-374 (FRONT) REVISED 7/05

---

CASE NO.

ACCUSED:

Pettus-Thomas, Lamont Edward
LAST NAME, FIRST NAME, MIDDLE NAME

361 San Antonio Blvd. #10
ADDRESS/LOCATION

Norfolk, VA 23505

COMPLETE DATA BELOW IF KNOWN

| RACE | SEX | BORN MO. DAY YR. | HT. FT. IN. | WGT. | EYES | HAIR |
|------|-----|------------------|-------------|------|------|------|
| B | M | 08/15/1978 | 6' 00" | 180 | BRO | BLK |

SSN: 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

DL #                                STATE

## COMMONWEALTH OF VIRGINIA
## WARRANT OF ARREST
## FOR EXTRADITION

[X] EXECUTED by arresting the Accused named above on this day:

7/7/2008   1810
DATE AND TIME OF SERVICE

A. R. Perry, Arresting Officer

25713, NPD
BADGE NO., AGENCY AND JURISDICTION

FOR _____
SHERIFF

Attorney for the Accused:

Short Offense Description:

**FUGITIVE: ARREST PER 19.2-99**

Offense Tracking Number: **711GM30060802193**

FOR ADMINISTRATIVE USE ONLY
Virginia Crime Code:

ARR-9980-S9

COPY

# OFFICE OF THE PUBLIC DEFENDER
## City of Norfolk
125 St. Paul's Boulevard, Suite 600
Norfolk, Virginia 23510

Telephone (757) 314-2380
Facsimile (757) 314-2382

July 9, 2008

Lamont Edward Pettus-Thomas, Inmate
Norfolk City Jail
811 E. City Hall Ave
Norfolk, VA  23510

Dear Mr. Pettus-Thomas:

    I have been appointed to represent you in reference to your case that has been set on Tuesday, August 5, 2008 at 09:00:00 AM in the Norfolk General District Court - 5, which is located at 811 E. City Hall Avenue, in Downtown Norfolk. Your attendance will be necessary on this date.

    If you post bond, you need to immediately contact my office and provide me with a current address and telephone number where you can be reached, and to arrange an appointment so that we can discuss your case prior to the trial date. I can be reached directly at 314-2380, extension 125. If you remain in custody, I will visit you to discuss your case.

    Whether or not you are in custody, you must not talk to anyone about your charge(s). This includes anyone in the Police Department or the jail. Should you be contacted by the police about these or other charges, simply tell them your lawyer's name, and then call me to let me know that the police have contacted you.

    Should you have any witnesses you wish subpoenaed, please notify my office in writing immediately with their full names and addresses. If you have any questions, please feel free to contact me.

Very truly yours,

Michael O. Jenkins
Assistant Public Defender

MOJ:bd

# OFFICE OF THE PUBLIC DEFENDER
## City of Norfolk
125 St. Paul's Boulevard, Suite 600
Norfolk, Virginia 23510

Telephone (757) 314-2380
Facsimile (757) 314-2382

July 17, 2008

Lamont Edward Pettus-Thomas, Inmate
Norfolk City Jail
811 E. City Hall Ave
Norfolk, VA  23510

RE:   *Commonwealth v.   Lamont Edward Pettus-Thomas*

Dear Mr. Pettus-Thomas:

Please be advised that your case has been continued for a Bond Hearing in the Norfolk General District Court - 5 on Tuesday, July 22, 2008 at 09:00:00 AM. Your attendance will be necessary on this date. If you are out of custody or post bond prior to the above court date, please arrive to court thirty (30) minutes early to give me the opportunity to discuss any additional information concerning your case.

If you have any questions, please feel free to contact me at 314-2380, extension 125.

Very truly yours,

Michael O. Jenkins
Assistant Public Defender

MOJ:bkw



**Office of the Public Defender**
125 St. Paul's Blvd., Suite 600
Norfolk, VA 23510
(757) 314-2380 (Voice)
(757) 314-2382 (Facsimile)

Sherri E. Carr
Public Defender

August 11, 2008

Mr. Lamont Pettus-Thomas, Inmate
6 6A
c/o Norfolk City Jail
811 E. City Hall Avenue
Norfolk, VA 23510

Dear Mr. Pettus-Thomas

  I have reviewed your request for a bond appeal to the Circuit Court. Mr. Jenkins indicated that you wanted your Federal Probation Officer subpoenaed for purposes of a bond hearing. This is likely impossible as the Federal Government does not operate under the same rules as State Courts. In fact, even with Court Orders, I have not been able to secure any information about my clients who are on Federal probation.

  To require Mr. Jenkins to pursue a bond appeal in the Circuit Court, in your present circumstance, and to force him to subpoena a Federal Probation Officer would constitute a frivolous motion and request in my opinion. I have directed him not to undermine the credibility of your case or his reputation by doing so.

  If you have any issue with this, please direct it to me and not to Mr. Jenkins.

Very truly yours,

Sherri E. Carr
Public Defender

SEC/bd
c.c. Michael Jenkins

# OFFICE OF THE PUBLIC DEFENDER
## City of Norfolk
125 St. Paul's Boulevard, Suite 600
Norfolk, Virginia 23510

Telephone (757) 314-2380
Facsimile (757) 314-2382

November 12, 2008

Lamont Edward Pettus-Thomas, Inmate
TWR1 6 6A 17
Norfolk City Jail
811 E. City Hall Ave
Norfolk, VA  23510

RE: *Commonwealth v. Lamont Edward Pettus-Thomas*

Dear Mr. Pettus-Thomas:

Please be advised that your case has been continued for a Control Date in the Norfolk General District Court - 5 on Wednesday, November 26, 2008 at 09:00:00 AM. Your attendance will be necessary on this date. If you are out of custody or post bond prior to the above court date, please arrive to court thirty (30) minutes early to give me the opportunity to discuss any additional information concerning your case.

If you have any questions, please feel free to contact me at 314-2380, extension 125

Very truly yours,

Michael O. Jenkins
Assistant Public Defender

MOJ:jmn



STATE OF NEW YORK

EXECUTIVE CHAMBER

ALBANY 12224

To all whom these Presents shall come

Know Ye, That I, **DAVID A. PATERSON**, Governor of the State of New York, have authorized and empowered, and by these Presents do authorize and empower

**DETECTIVE PATRICK SAMMON,
DETECTIVE KYSON LAI,
AND/OR OTHER DULY DESIGNATED AGENT(S)**

who are public officers, to wit, **members of the New York City Police Department, Kings County, New York**, to take and receive from the proper authorities of the Commonwealth of **Virginia**

**LAMONT PETTUS, AKA LAMONT PETTIS**

a fugitive from justice, and convey such fugitive to the State of New York, there to be dealt with according to law.

In Witness Whereof, I have hereunto signed my name and affixed the Privy Seal of the State, at the Capitol in the City of Albany, this 14th day of August in the year two thousand eight.

*David A. Paterson*
Governor

*Anthony Jannucci*
Acting Extradition Secretary



STATE OF NEW YORK

EXECUTIVE CHAMBER

ALBANY 12224

To the Governor of the Commonwealth of

## VIRGINIA

Whereas, It appears by the annexed application for requisition and copies of the **Indictment and Warrant**, which I certify to be authentic and duly authenticated in accordance with the Laws of this State, that the accused

### LAMONT PETTUS, AKA LAMONT PETTIS

stands charged in **Kings County**, in this State, with the crimes of **Criminal Sale of a Firearm in the Third Degree (Eight Counts)** and **Criminal Possession of a Weapon in the Fourth Degree (Four Counts)**, which I certify to be crimes under the Laws of this State, and that the accused was present in this State at the time of the commission of the crimes, and fled from the justice of this State, and may now be found in the Commonwealth of **Virginia**.

Now Therefore, pursuant to the provisions of the Constitution, the Laws of the United States and the Laws of the State of New York, I, **DAVID A. PATERSON**, Governor of the State of New York, do hereby require that the said

### LAMONT PETTUS, AKA LAMONT PETTIS

be apprehended and delivered to **DETECTIVE PATRICK SAMMON, DETECTIVE KYSON LAI, AND/OR OTHER DULY DESIGNATED AGENT(S)** of the New York City Police Department, **Kings County, New York**, who are hereby authorized to receive and convey the subject so charged to the State of New York, there to be dealt with according to Law.



In Witness Whereof, I have hereunto signed my name and affixed the Privy Seal of the State, at the Capitol in the City of Albany, this 14th day of August in the year two thousand eight.

*David A. Paterson*

Governor

*[signature]*

Acting Extradition Secretary